**IN THE COURT OF APPEALS OF IOWA**

No. 16-1205
Filed September 14, 2016

**IN THE INTEREST OF T.G.,**
**Minor child,**

**V.G., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Louise M. Jacobs,

District Associate Judge.

        A mother appeals the termination of her parental rights to her child, born in

2013. **AFFIRMED.**

        Cole J. Mayer of Masterson, Bottenberg & Eichorn, L.L.P., Waukee, for

appellant mother.

        Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant

Attorney General, for appellee State.

        Nicole Garbis Nolan of Youth Law Center, Des Moines, guardian ad litem

for minor child.

        Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

A mother appeals the termination of her parental rights to her child, born in 2013. She argues (I) the district court should have granted her a six-month extension to work towards reunification, (II) termination was not in the child's best interests, and (III) the court should have found an exception to termination based on the parent-child bond and the child's placement with the maternal grandmother.

*I.* Iowa Code section 232.104(2)(b) (2015) allows a court to grant a parent a six-month extension if it appears "the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." The mother asserts she should have been afforded an extension because she was attending visits, attempting to work with the child's therapist and her own therapist, and trying to obtain stable housing. On our de novo review, we are not persuaded by this assertion.

The mother came to the attention of the department of human services following a high-speed chase of a vehicle in which she was riding with her young child, whom she failed to place in a car seat. The mother was arrested on an outstanding warrant and was jailed for violating her probation from a theft conviction. The child was placed with relatives. On her release from jail a month later, the mother visited the child and participated in therapy. However, three months after the car chase, she disappeared.

The mother was rearrested a month later and remained in jail for the ensuing four months. Following her second release, she participated in two supervised visits with the child but only sporadically attended twice-weekly visits

after that point. The child's therapist offered the mother joint therapy with her child. According to a department report, the mother "did not proceed with this service." She also failed to engage with her own therapist. At the termination hearing, she acknowledged she had not seen the therapist for a month and had "only met with her three times" during the proceedings. As for the mother's living situation, she testified she was staying with friends. When asked about her plan to move forward on housing, she responded, "Well, yesterday I went and picked up some applications for some apartments." Because the mother failed to avail herself of the services that were provided following the child's removal, there was little reason to believe she would take advantage of these services during a six-month extension period.

*II.* Termination of parental rights must be in the best interests of the child. *See In re P.L.,* 778 N.W.2d 33, 39 (Iowa 2010). The mother had yet to obtain housing, declined to participate in therapy, and failed to foster the bond she shared with the child. The service provider who supervised visits expressed concern about what the child "was going through with the missed visits." She opined the mother was not in a position to provide consistency, support, and a nurturing environment for the child. Termination was in the child's best interests.

*III.* The mother contends the district court should have invoked statutory exceptions to termination. *See* Iowa Code § 232.116(3); *P.L.,* 778 N.W.2d at 41. For the reasons discussed above, we disagree.

We affirm the mother's termination of her parental rights to the child.

**AFFIRMED.**